UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIA MADRIGAL,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 20-05568-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On June 23, 2020, Lucia Madrigal ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. (Dkt. 1.) The Commissioner filed an Answer on December 8, 2020. (Dkt. 13.) On February 10, 2021, the parties filed a Joint Stipulation ("JS"). (Dkt. 16.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 66 year-old female who applied for Social Security Disability Insurance benefits on November 14, 2016, alleging disability beginning September 12, 2014. (AR 15.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity during the period from her alleged onset date of September 12, 2014, through her date last insured of December 31, 2018. (AR 17.)

Plaintiff's claim was denied initially on April 14, 2017, and on reconsideration on October 23, 2017. (AR 15.) Plaintiff filed a timely request for hearing and on May 28, 2019, the Administrative Law Judge ("ALJ") Susanne M. Cichanowicz held a video hearing from Dallas, Texas. (AR 15.) Plaintiff appeared and testified in Orange, California, and was represented by counsel. (AR 15.) Vocational expert ("VE") Victoria Rei also appeared and testified at the hearing. (AR 15.)

The ALJ issued an unfavorable decision on June 27, 2019. (AR 15-36.) The Appeals Council denied review on April 13, 2020. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises only the following disputed issue as ground for reversal and remand:

1. Whether the ALJ properly considered Dr. Lee Silver's opinion.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

2

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity during the period from her alleged onset date of September 12, 2014, through her date last insured of December 31, 2018. (AR 17.)

At step two, the ALJ determined that, through the date last insured, Plaintiff had the following medically determinable severe impairments: traumatic brain injury (TBI) with mild neurocognitive disorder; depression; anxiety; and carpal tunnel syndrome. (AR 17-19.)

At step three, the ALJ determined that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (AR 19-21.)

The ALJ then found that, through the date last insured, Plaintiff had the RFC to perform a range of medium work as defined in 20 CFR § 404.1567(c) with the following limitations:

> Claimant can lift and/or carry 50 pounds occasionally and 25 pounds frequently; stand and/or walk for 6 hours of an 8-hour workday; sit for 6 hours of an 8-hour workday; frequently climb ramps/stairs and climb ladders/ropes/scaffolds; frequently balance, stoop, kneel, crouch, and crawl; frequently handle and finger with the right dominant upper extremity; and perform simple and routine tasks.

(AR 21-34.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 23.)

At step four, the ALJ found that, through the date last insured, Plaintiff was not able to perform any past relevant work as an administrative clerk. (AR 34.) The ALJ, however, also found at step five that, through the date last insured, considering Claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Claimant could have performed, including the jobs of laundry laborer, industrial cleaner, and folding machine operator. (AR 35-36.)

Consequently, the ALJ found that Claimant was not disabled within the meaning of the Social Security Act at any time from September 12, 2014, the alleged onset date, through December 31, 2018, the date last insured. (AR 36.)

**DISCUSSION**

Plaintiff contends that the ALJ erred in giving "little weight" to workers' compensation orthopedist Dr. Lee Silver. (AR 30.) The Court disagrees. The ALJ provided specific, legitimate reasons supported by substantial evidence for rejecting the limitations assessed by Dr. Silver. The ALJ's RFC is supported by substantial evidence.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 466 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v.

6

Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.   Analysis**

Plaintiff seeks disability because of pain from carpal tunnel syndrome. (AR 26, 22.) She says that she has no problems standing or sitting but has balance issues walking. (AR 22.) She says that because of carpal tunnel and tendinosis she has difficulty grabbing things and can carry only 10-15 pounds. (AR 22.) The ALJ did find that Plaintiff has the medically determinable severe physical impairment of carpal tunnel syndrome.[1] (AR 17.) Nonetheless, the ALJ assessed Plaintiff with a reduced range medium work RFC. (AR 21.) The ALJ also determined that Plaintiff can perform jobs in the national economy. (AR 35.) Consequently, the ALJ concluded that Plaintiff was not disabled from the alleged onset date of September 12, 2014, through the date last insured of December 31, 2018. (AR 36.)

On January 7, 2015, Plaintiff was evaluated by Dr. Lee Silver, an orthopedist serving as a Qualified Medical Examiner in her workers' compensation case. (AR 735-743.) She told Dr. Silver she had occasional pain in her cervical spine and constant pain in both upper extremities. (AR 736.) She also complained of numbness in both hands. (Id.) Dr. Silver diagnosed Plaintiff with: (1) bilateral carpal tunnel syndrome; (2) history of bilateral elbow lateral epicondylitis; (3) bilateral upper extremity strain; and (4) cervical musculoligamentous sprain.

---

[1] The ALJ also assessed mental impairments and limitations for Plaintiff, which Plaintiff does not challenge. The Court therefore will limit itself to determining whether the ALJ has provided substantial support for discounting Dr. Silver's opinion, the only issue presented.

1 (AR 740.) Dr. Silver then opined that Plaintiff was restricted "from repetitive firm or strong
2 gripping and repetitive fine manipulation." (AR 743.) Dr. Silver also restricted her from
3 "repetitive cervical spine movements" and from lifting "greater than 10 pounds." (AR 743.) On
4 April 19, 2015, after reviewing additional medical records, Dr. Silver repeated his diagnosis.
5 (AR 687-691.) In November 2016, Dr. Silver reviewed a July 24, 2015 orthopedic report that
6 indicated a cervical sprain, bilateral lateral epicondylitis, and carpal tunnel syndrome with a
7 recommendation for relevant surgery. (AR 688.) An X-ray showed degenerative disc disease.
8 (AR 688.) Dr. Silver repeated his diagnoses (AR 688) and his work restrictions. (AR 689.)

9 The ALJ gave "little weight" to Dr. Silver's opinions for several reasons. (AR 30.) First,
10 the ALJ found Dr. Silver's restrictions from repetitive cervical spine movement and not lifting
11 greater than 10 pounds "inconsistent with the medical evidence." (AR 30.) An ALJ may reject
12 a physician's opinion that does not have supporting evidence, is contradicted by other
13 assessments, or is unsupported by the record as a whole. Batson v. Comm'r, 359 F.3d 1190,
14 1195, esp. n.3 (9th Cir. 2004); Bayliss, 427 F.3d a 1216. Here, the ALJ found that Plaintiff's
15 degenerative disease of the cervical spine, osteoarthritis of the left hip, and tendinosis of the
16 left hip were nonsevere impairments. (AR 17.) A 2013 MRI of the cervical spine showed no
17 spinal cord impingement. (AR 18.) MRIs in October 2015 showed no fractures or dislocations
18 of the hip and showed tendinosis with fraying versus small tear but no follow-up for these
19 impairments after the MRI. (AR 18.) The ALJ found that these conditions were being
20 managed with medication, with no aggressive treatment recommended or anticipated and thus
21 they were nonsevere. (AR 18.)

22 The longitudinal medical evidence also reveals that after gait training gait has been
23 normal or negative for gait disturbance. (AR 28, 587, 588, 594, 621, 631, 676, 679, 681, 770,
24 1423, 1787, 1790, 1793.) Plaintiff's sensory examinations have generally been intact, (AR
25 418, 588, 594, 623, 626, 632, 640, 681, 1423.) Motor examination has revealed full (5/5) motor
26 strength in both her upper and lower bilateral extremities. (AR 28, 418, 419, 588, 593, 594,
27 597, 619, 621, 623, 636, 681, 703, 737, 1423, 1787.) Plaintiff does not even mention that
28

MRIs of her cervical spine showed no spinal cord impingement or that Plaintiff had normal gait, intact sensation, and full motor strength in all extremities.

In regard to Plaintiff's carpal tunnel syndrome impairment, a February 2013 EMG studied indicated bilateral carpal tunnel syndrome. (AR 26.) Dr. Paul Dinh added that it was moderate with borderline delays in both the motor and sensory and negative for chronic denervation. (AR 27.) Cortisone injections helped quite a bit and she was 40% to 50% better. (AR 27.) Her provider recommended carpal tunnel release surgery, but Plaintiff declined it. (AR 688, 778.) Indeed, Plaintiff routinely declined to proceed with surgical intervention. (AR 27, 311, 324, 611, 619, 688, 778, 1752.) Orthopedist Dr. Secor also recommended surgery, but it was not authorized by insurance. (AR 27.)

Second, Dr. Lee's opinions are contradicted by the opinions of other physicians. The contradictory opinions of other physicians provide specific, legitimate reasons for rejecting a physician's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). Here, the ALJ gave "significant weight" to the opinion of the consulting internist Dr. Soheil Afra who performed a physical examination of Plaintiff in September 2017. (AR 27-28, 29.) Dr. Afra found on examination that for the shoulders range of motion was within normal limits bilaterally as it was for the elbows, wrists, and hands. (AR 27-28.) Plaintiff was able to extend the hand and oppose the thumb to each finger, was able to make a fist without difficulty, and had range of motion for distal interphalangeal, proximate interphalangeal, and metacarpalongeal joints within normal limits. (AR 28.) Based on this opinion, the ALJ found Plaintiff could frequently handle and finger with the right dominant upper extremity. (AR 21, 30.) For the cervical spine there was no tenderness, and range of motion was within normal limits bilaterally. (AR 28.) Dr. Afra also found that Plaintiff's motor strength was 5/5 in the upper and lower extremities bilaterally, and she had normal muscle bulk and tone, had grossly intact sensation, was able to walk without difficulty, and did not need any assistive device. (AR 28.) Dr. Afra opined that Plaintiff could perform medium exertion work except she can only frequently bend, kneel, stoop, crawl, and crouch and only frequently walk on uneven terrain, climb ladders, and work with heights. (AR 29.) The ALJ found Dr. Afra's opinions generally consistent with the medical records. (AR

29.)  The ALJ also gave significant weight to the opinion of the State agency reviewing physician Dr. H. Han that Plaintiff can perform medium work.  (AR 29.)  Plaintiff does not dispute or discuss the reports of Dr. Afra or Dr. Han, which plainly contradict Dr. Lee's opinion.  Plaintiff does suggest a closed period of disability because the opinions of Dr. Afra and Dr. Han were rendered more than two years after Dr. Lee's opinion.  The ALJ, however, based her RFC on the medical and other evidence covering the entire period at issue, including the period of Dr. Silver's opinion.  Plaintiff, moreover, does not claim any improvement after Dr. Lee's opinion; in fact, she testified that her symptoms had not improved.  (AR 71-72.)

Third, Plaintiff was able to obtain effective relief with medication.  Impairments that can be controlled with medication are not disabling.  Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006).  Here, Plaintiff achieved substantial improvement of her carpal tunnel syndrome with cortisone injections, enough that she chose not to proceed with surgical intervention.  (AR 27.)  Also, Plaintiff's cervical spine impairment was considered nonsevere with medication compliance.  (AR 18.)

Fourth, the ALJ found that Dr. Silver's opinion was inconsistent with Plaintiff's activities of daily living.  (AR 30.)  An ALJ may reject a physician's opinion that is contradicted by a claimant's own admitted or observed abilities.  Bayliss, 427 F.3d at 1216.  Here, Plaintiff admits she is capable of babysitting her granddaughter for a whole week, volunteers at a school, and has no problems sitting or standing, taking vacations abroad, and salsa dancing.  (AR 23, 29, 30, 76-79, 112, 1273, 1281, 1286, 1345, 1792.)  Plaintiff's physical therapist reported use of repetitive "head turns" during salsa dancing, as a recommended exercise, without any reference to cervical spine indications.  (AR 24-25, 1273.)  The physical therapist said Plaintiff was able to perform 6 head turns, 9 salsa dancing steps with head turns, and salsa dancing steps with head turns on tumbling mats.  (AR 24-25.)  Such intentional repetitive neck motion is clearly inconsistent with Dr. Lee's restriction to no repetitive cervical spine movements.  (AR 743.)  Plaintiff was discharged from physical therapy because she left for vacation without scheduling further appointments.  (AR 25.)

Fifth, the ALJ found that Plaintiff's allegations of disabling symptoms are inconsistent with statements to her providers. (AR 29.) An ALJ may consider such inconsistencies in evaluating subjective symptom allegations, Light v. Soc. Sec. Adm., 119 F.3d 789, 792 (9th Cir. 1997); Thomas, 278 F.3d at 958-59. In November 2016, Plaintiff told her speech therapist she would be out of town until December. (AR 24, 29.) In June 2017 she told a provider she was going to Costa Rice and Cuba for two months. (AR 24, 29.) She told the Social Security field officer that she was going to Portugal to celebrate her wedding anniversary from August 29 through September 22, 2017. (AR 25, 29.) Not only are these statements inconsistent with her subjective allegations, but the activities they describe — traveling overseas with no access to her treating providers and terminating recommended courses of treatment to conduct these activities — are inconsistent with disability.[2]

\* \* \*

Plaintiff disagrees with the ALJ's evaluation of the evidence, but it is ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ discounted Dr. Silver's opinion for specific, legitimate reasons supported by substantial evidence.

\* \* \*

The ALJ's RFC is supported by substantial evidence.

---

[2] The ALJ, in discounting Dr. Lee's opinion, noted that workers' compensation terminology such as "permanent and stationary" are not equivalent to Social Security criteria for disability and not binding on the Commissioner. (AR 30.) Plaintiff concedes that the ALJ's comment is a true statement of law. (JS 10:25-26.) See Desrosiers v. Secretary of Health & Human Services, 846 F.2d 573, 576 (9th Cir. 1988); Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996); Booth v. Barnhart, 181 F. Supp. 2d 1099, 1104 (C.D. Cal. 2002); see also 20 C.F.R. § 404.1504. An ALJ, however, may not ignore a physician's medical opinion from a workers' compensation proceeding. Booth, 181 F. Supp. 2d at 1105. Plaintiff suggests that the ALJ did so, but the decision plainly establishes that the ALJ fully considered Dr. Lee's restrictions and discounted them for specific, legitimate reasons supported by substantial evidence. (AR 30-31.) There was no error.

\* \* \*

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: March 4, 2021

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE